### In re LEWIS.

(District Court, S. D. Florida. April, 1922.)

Bankruptcy ⟨⟩76(1)—Foreign corporation may be petitioner.

  Under the statutes of Florida (Rev. Gen. St. 1920, §§ 4095–4111), relating to foreign corporations, as construed by its Supreme Court, contracts with such corporations, not authorized to do business in the state, are voidable only, and a contract for sale of merchandise is enforceable, where the purchaser has received the merchandise and retains the benefit of the contract, and in such case the foreign corporation, as a creditor, may join in an involuntary petition against the purchaser.

In Bankruptcy. In the matter of George Lewis, alleged bankrupt. On motion to dismiss involuntary petition. Denied.

Ralph K. Roberts, of Jacksonville, Fla., for petitioners.
David Kaufman, of Jacksonville, Fla., for bankrupt.

CALL, District Judge. In this matter an involuntary petition in bankruptcy was filed November 14, 1921. After several efforts to serve the bankrupt, a service was finally accomplished on March 25, 1922. On April 7th a motion to dismiss the petition was filed by the bankrupt.

Two grounds were insisted upon in argument: First, that the petition does not affirmatively show that certain of the petitioners which were foreign corporations were authorized to do business in Florida.

The Supreme Court, in construing the Foreign Corporation Act of Florida (Rev. Gen. St. 1920, §§ 4095–4111), say the contracts are voidable, and not void, as the language of the act implies. Therefore sales of goods by a foreign corporation may be enforced, if the party buying them receives, and by his acts retains, the benefits of such receipt. The motion is not well taken on this ground.

The second ground insisted upon is that the petition shows affirmatively that the bankrupt was not insolvent at the time of the filing the petition. This ground is predicated on subdivision 6 of the petition which is as follows:

"Your petitioners are informed and verily believe said alleged bankrupt had a stock of merchandise of approximately $2,500 and owes debts of approximately $2,500."

While I must confess myself at a loss to know why that clause was included in the petition, yet I am not disposed to construe it to mean that such information and belief was to the effect that the bankrupt had the merchandise, of the value mentioned, at the time the petition was filed. Taking it in consideration with the paragraphs of the petition preceding it, I think it means that he had such stock previous to giving the chattel mortgage, and that by the collusive act of the bankrupt and the mortgagee all the property of the bankrupt was dissipated. If such is the meaning, there was clearly a preference, and one creditor gets all, and the others nothing.

The motion will be denied on this ground.